IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE | CASE NO: BK 22-80860 |
| DIMENSIONS IN SENIOR LIVING, LLC, et al., | Chapter 11 |
| Debtor. | Jointly Administered |

## MOTION FOR PROTECTIVE ORDER

**COMES NOW** Erickson & Sederstrom P.C., L.L.O. ("ES") and moves for a Protective Order regarding the Amended Notice of Rule 2004 Examination of Erickson & Sederstrom P.C., L.L.O. ("Amended Notice") (Filing No. 92).

1. A Notice of Rule 2004 Examination of Erickson & Sederstrom P.C., L.L.O. ("Notice") was filed at Filing No. 60 and was served on ES on December 29, 2022.

2. The Amended Notice was filed on January 17, 2023 at Filing No. 92.

3. Attached to the Amended Notice is an unsigned "Subpoena for Rule 2004 Examination" (the "Subpoena"), which requested production of documents by January 13, 2023. (Filing No. 92, pp. 4-7).

4. Pursuant to F.R.C.P. 45(d)(2)(B) (made applicable by F.R.B.P. 9016), ES timely objected to the Subpoena by correspondence dated January 11, 2023 and again on February 1, 2023, copies of which are attached hereto.

5. On February 1, 2023, the Court entered an order at Filing No. 103 granting the Application to Employ ES as co-counsel for Debtor.

6. ES requests entry of a Protective Order prohibiting the Rule 2004 Examination sought.

7. The reasons for the requested Protective order are set forth in the January 11, 2023 and January 31, 2023 correspondence from ES to Keith Catt, and include, but are not limited to:

    a. Creating an unreasonable burden on ES;

    b. Demanding production of materials subject to attorney-client and work-product privilege;

    c. Demanding creation of documents not otherwise existing; and

    d. Demanding duplication of production of documents previously produced.

  8. The Amended 2004 Notice, although filed with the Court, was never formally served on ES.

  9. A Rule 2004 Examination of ES is not appropriate for the reasons set forth above.

  WHEREFORE, ES respectfully requests entry of a Protective Order as addressed herein.

  Dated this 9th day of February, 2023.

                DIMENSIONS IN SENIOR LIVING, LLC, et al., Debtor

        By: _____
                  Paul D. Heimann, #21727
                  ERICKSON & SEDERSTROM, P.C., L.L.O.
                  10330 Regency Parkway Drive, Suite 100
                  Omaha, NE 68114
                  (402) 390-7134
                  (402) 390-7130 Fax
                  pheim@eslaw.com
                  *Attorney for Debtor*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing ***Motion for Protective Order*** was served on February 9, 2023 upon all individuals who have requested such notice through the CM/ECF system.

                  _____

# ERICKSON | SEDERSTROM
### ATTORNEYS AT LAW

PAUL D. HEIMANN

10330 REGENCY PARKWAY DRIVE, SUITE 100
OMAHA, NEBRASKA 68114-3761
TELEPHONE (402) 397-2200
FACSIMILE (402) 390-7130

(402) 390-7134
pheimann@eslaw.com

January 11, 2023

*Via E-Mail & U.S. Mail:*    keith.catt@koleyjessen.com

Mr. Keith Catt
Koley Jessen P.C., LLO
1125 S. 103rd Street, Suite 800
Omaha, NE 68124

RE:    Dimensions In Senior Living, LLC, Et al.
Our File No.: 29063.068382

Dear Keith:

Reference is made to that certain Subpoena for Rule 2004 Examination which was served by you on Erickson & Sederstrom, P.C., L.L.O. on December 29, 2022 (the "Subpoena"). I am writing on behalf of our firm and our firm's clients referenced in the Subpoena to object, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) because:

(a) the service of the Subpoena creates an undue burden in that it requires duplication of efforts and unnecessary coordination between multiple parties and bankruptcy counsel to provide data and information when it could simply be obtained from the client(s) through ordinary bankruptcy proceedings or requests <u>not</u> made directly to our firm.
(b) it requires production of materials protected by attorney-client privilege and work product privilege and potentially the expense of creating a privilege log before bankruptcy counsel for Debtor and your client have even determined whether such work needs to be done (see your e-mail of today asking for a privilege log).
(c) it directs compilation by our firm of an "accounting" requiring the creation of documents not in their current form and such compilation would create an undue burden and expense on the parties not contemplated by the applicable rules.

Once again, we request that you not unduly burden the bankruptcy estate by simply working on your requests with our clients directly through their bankruptcy counsel (Mr. Turner). However, given your e-mail of today (attached) demanding strict compliance we are now expressly asserting attorney-client privilege and work product as to any documents responsive to you requests including, attorney notes, communications between our firm and our clients, and data revealing the same, and object to the undue burden the Subpoena creates.

1454348

Page 2
January 11, 2023

Thus, for the reasons stated above we will not produce at the time, date and place set forth in the subpoena any documents, electronically stored information, or objects nor will in permit inspection, copying, testing, or sampling of such materials.

Sincerely,

Paul D. Heimann

PDH:csb

# ERICKSON | SEDERSTROM
### ATTORNEYS AT LAW

PAUL D. HEIMANN

10330 REGENCY PARKWAY DRIVE, SUITE 100
OMAHA, NEBRASKA 68114-3761
TELEPHONE (402) 397-2200
FACSIMILE (402) 390-7130

(402) 390-7134
pheimann@eslaw.com

February 1, 2023

*Via E-Mail & U.S. Mail:*   keith.catt@koleyjessen.com

Mr. Keith Catt
Koley Jessen P.C., LLO
1125 S. 103rd Street, Suite 800
Omaha, NE 68124

RE:   Dimensions In Senior Living, LLC,
Et al.
Our File No.: 29063.068382

Dear Keith:

Reference is made to that certain Subpoena for Rule 2004 Examination which was served by you on Erickson & Sederstrom, P.C., L.L.O. on January 17, 2023, and simultaneous Subpoenas issued on the Debtors Village Ridge, LLC and Village Place, LLC (the "Subpoenas"). I am writing on behalf of our firm and our firm's clients referenced in the Subpoenas to object, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) because:

(a) The service of the Subpoenas creates an undue burden in that it requires duplication of efforts and unnecessary coordination between multiple parties and bankruptcy counsel to provide data and information when it could simply be obtained from the client(s) through ordinary bankruptcy proceedings and/or requests not made directly to our firm.
(b) We have already voluntarily made available over 800 pages of documents responsive to the subpoenas to you which we assume are in the process of being reviewed by you and thus enforcement of a subpoena would create an undue burden through unnecessary duplication of production.
(c) The Subpoenas require production of materials protected by attorney-client privilege and work product privilege and exposing Debtors to the expense of creating a privilege log before you and your client have even determined whether such work needs to be done in the first place as a result of the documents now voluntarily provided.
(d) The Subpoenas direct completion of an "accounting" requiring the creation of documents not in their current form. and such compilation would create an undue burden and expense on the parties not contemplated by the applicable rules.

1464013

Page 2
February 1, 2023

    Once again, we request that you not unduly burden the bankruptcy estate by simply working on your requests with our clients directly through their primary bankruptcy counsel (Mr. Turner). We also expressly assert attorney-client privilege as to all attorney-client communications between our firm and any Debtor.

    Thus for the reasons stated above, we will not produce at the time, date and place set forth in the Subpoenas any documents, electronically stored information, or objects nor will we permit inspection, copying, testing, or sampling of such material.

Sincerely,

Paul D. Heimann

PDH:csb