**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re Dimensions In Senior Living, LLC et al.,[1] <br><br> Debtors. | ) Case No. 22-80860 <br> ) <br> ) Chapter 11 <br> ) <br> ) Joint Administered |

**NOTICE OF RULE 2004 EXAMINATION**

COME NOW Dimensions In Senior Living, LLC, Village Ridge, LLC, Village Place, LLC, WB Real Estate Of Iola, LLC, Humboldt Assisted Living LLC, Wilcox Properties Of Columbia, LLC, and Wilcox Properties Of Fort Calhoun, LLC (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), pursuant to Rule 2004, 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Bankruptcy Rules for the District of Nebraska (the "Local Rules"), and in support of this Notice of Rule 2004 Examination states as follows:

The undersigned will serve the attached subpoena to Rimkus Consulting Group, Inc. (the "Examinee") via its registered agent CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516, for the production of documents. No court order is required to conduct this examination under Local P. 2004-1. The required subpoena is included with this notice. The Rule 2004 Notice and subpoena will be served no sooner than 10 days after the filing of this Notice. If the Examinee receives this notice fewer than 14 days before the scheduled examination date set forth in the subpoena, and timely asks the undersigned to re-schedule the examination, the undersigned must reschedule it to a mutually agreeable time and place. The scope of the examination is set forth in the attached list and is limited by Rule 2004. The Examinee must produce for examination the documents described on the subpoena, and the Examinee must permit inspection, copying, testing, or sampling of the documents.

Any party in interest may file a motion for protective order before the date the proposed examination is to occur. Said motion must state the reasons to prohibit, limit, or reschedule the examination. The examination will be stayed until the court rules on the motion. The undersigned certifies that a true copy of this notice was filed with the court and the undersigned caused or will cause it to be served on the Examinee by certified mail.

Respectfully submitted,    **Dimensions In Senior Living, LLC, et al, Debtors.**

By:    /s/ *Patrick R. Turner*
TURNER LEGAL GROUP, LLC
Patrick Turner (NE Bar No. 23461)
14707 California Street, #1
Omaha, Nebraska 68154
Telephone: (402) 690-3675
pturner@turnerlegalomaha.com

Counsel for Debtors

---

[1] Dimensions In Senior Living, LLC, Tax I.D. No. 76-0771058, Village ridge, LLC, Tax I.D. NO. 20-3042744, Village Place, LLC, Tax I.D. NO. 81-2042780, Wb Real Estate Of Iola, LLC, Tax I.D. NO. 46-5548614, Humboldt Assisted Living LLC, Tax I.D. NO. 48-1221950, Wilcox Properties Of Columbia, LLC, Tax I.D. NO. 43-1934089, Wilcox Properties Of Fort Calhoun, LLC, Tax I.D. NO. 20-5822304.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEBRASKA**

In re   **Dimensions in Senior Living, LLC et al.**          Case No. **22-80860**
                     Debtors                                 Chapter **11**
                                                             Jointly Administered

## SUBPOENA FOR RULE 2004 EXAMINATION

To:                          **Rimkus Consulting Group, Inc**.
                (*Name of person to whom the subpoena is directed*)

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the Notice of Rule 2004 Examination is attached.

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, are commanded to produce for examination on or before **December 15, 2023,** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the Notice of Rule 2004 Examination is attached:

**See Exhibit A.**

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
                    CLERK OF COURT

                          OR

_____                    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **Dimensions in Senior Living, LLC et al.**, who issues or requests this subpoena, is: Patrick R. Turner, Turner Legal Group, LLC, 14707 California Street, #1, Omaha, NE 68154
pturner@turnerlegalomaha.com, 402-690-3675

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for **Rimkus Consulting Group, Inc**. on the ___ day of November, 2023.

☐ I served the subpoena by certified mail as follows: Rimkus Consulting Group, Inc. via its registered agent CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516.

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## EXHIBIT 'A' - RIMKUS

1. **Insurance Documents.** Copies of any communications (electronic or written), attachments to communications, assumptions, payments, notices, data, notes, memoranda, meeting minutes, reports, draft reports, estimates, invoices, or any document, correspondence or record of the like exchanged between you and any insurance company or any agent or employee of any insurance company in relation to the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

2. **Project File.** Copies of any and all documents, materials, scopes of work, estimates, drafts, memos, change orders, invoices, plans, and any other documents of any kind contained in your project file for any investigations, repairs, remediations, restorations and/or any other work performed by you at the request of any insurance company which are contained in any project file pertaining to Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

3. **Communications.** Copies of any communications (electronic or written), attachments to communications, notes, memoranda, meeting minutes, reports, draft reports, estimates, invoices, or any document, correspondence or record of the like exchanged between you and any other person or party, including, but not limited to, those with Wilcox Properties of Columbia LLC DBA: Candlelight of Columbia, LLC or any of its representatives or employees, as well as any of those with Kenneth E. Vogan, Wesley Hamilton and/or with any other person at Rimkus in regard to Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

4. **Reports and drafts.** Copies of any reports, memoranda, notes, diaries, journals, emails or records of any kind in regard to the Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202 not otherwise produced in response to any of the proceeding requests.

5. **Video, Voice and Photos.** Copies of any video recordings, call recordings, stenographic recordings, voice recordings, dashcam footage, bodycam footage, drone footage, drone photographs, or any other photographs or any other such records, recordings or documents depicting any pictures (still or moving) in regard to Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

6. **Statements.** Copies of any statements (electronic or written), or anything of the like by any other person, entity or party, including, but not limited to, any person, counsel, agent or entity representative associated with Wilcox Properties of Columbia LLC DBA: Candlelight of Columbia, LLC on the other, in regard to the Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

7. **Alex Swobda's Correspondences.** Copies of any and all correspondences (written or electronic), including those received by, sent to, or which have carbon-copied Alex Swobda or any other adjuster, claims manager, team leader or other similar employee or agent of Great American Insurance Company and/or its related entities and/or subsidiaries in relation to Great American

    Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia , MO 65202.

8. **Statement of Accounts.** Copies of any and all documents, proof of payment, ledgers and other accounting records showing any and all records of any payments made to you by any insurer, investigator, agent or any other person, entity or party in regard to your involvement in investigating, estimating or bidding on repairs, restoration or other such work on the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

9. **Basis of Determination/Estimate/Opinion.** Copies of any and all correspondences, documents, records, estimates, invoices, data, photos, video, analysis, investigations, assumptions, expert reports, draft reports, governmental reports, scopes of work, opinions, statements, and documents or correspondences of any kind which serve as your basis for any opinions, estimates, reports or the like you have rendered to any insurance company or its employees or agents pertaining to any damages or conditions for repair to the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

10. **Mike Sankey/Sedgwick.** Copies of any and all correspondences, documents, records, estimates, invoices, data, photos, video, analysis, investigations, assumptions, expert reports, draft reports, governmental reports, scopes of work, opinions, statements, and documents or correspondences of any kind exchanged between you or your agent or employee on the one hand and Mike Sankey or any other person with Sedgwick Claims Management Services, Inc. on the other in regard to Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

11. **Blusky Restoration Contractors, LLC**. Copies of any and all correspondences, documents, records, estimates, invoices, data, photos, video, analysis, investigations, assumptions, expert reports, draft reports, governmental reports, scopes of work, opinions, statements, and documents or correspondences of any kind exchanged between you or your agent or employee on the one hand and Blusky Restoration Contractors, LLC and/or any of its employees, agents or assigns on the other in regard to Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.

12. **Other contractors, investigations.** Copies of any and all correspondences, documents, records, estimates, invoices, data, photos, video, analysis, investigations, assumptions, expert reports, draft reports, governmental reports, scopes of work, opinions, statements, and documents or correspondences of any kind exchanged between you or your agent or employee on the one hand and any other contractors, estimators, investigators or any other similar persons or entities on the other in regard to any investigation, walkthrough or bid project conducted by you into Great American Insurance Company claim number P00080623 and/or the real property located at 1406 Business Loop 70 West Columbia, MO 65202.