**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN RE: | ) Case No. 22-80860 |
| | ) |
| DIMENSIONS IN SENIOR LIVING, LLC ET AL.,[1] | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |
| DEBTORS. | ) |
| | ) |

**EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**Re: Village Ridge Assisted Living, Marion, IA**

Fannie Mae ("Fannie Mae" or "Movant"), pursuant to 11 U.S.C. § 362(d)(1) and (2), Fed. R. Bank. P. 4001(a) and Local Rule 4001-1, moves the Court to grant it relief from all applicable stays, including the automatic stay of 11 U.S.C. § 362(a), to the fullest extent necessary to permit Movant to exercise all of its rights and remedies under its Deed of Trust and related loan documents on real property located at 365 Marion Blvd. in Marion, Iowa, and operating as Village Ridge Assisted Living (the "Property") owned by Debtor and Debtor-in-Possession Village Ridge LLC ("Village Ridge"), including but not limited to foreclosing the lien of its Deed of Trust by trustee's sale or judicial foreclosure, and obtaining exclusive ownership, possession, and control of the Property. This motion is supported by the following memorandum and the record in this case.

---

[1] Dimensions In Senior Living, LLC, Tax I.D. No. 76-0771058, Village Ridge, LLC, Tax I.D. No. 20-3042744, Village Place, LLC, Tax I.D. No. 81-2042780, WB Real Estate Of IOLA, LLC, Tax I.D. No. 46-5548614, Humboldt Assisted Living LLC, Tax I.D. No. 48-1221950, Wilcox Properties Of Columbia, LLC, Tax I.D. No. 43-1934089, Wilcox Properties Of Fort Calhoun, LLC, Tax I.D. No. 20-5822304.

CORE/0772514.0055/184803932.2

# MEMORANDUM

## I.   INTRODUCTION.

The Debtors' bankruptcy cases have languished in this Court for over a year, with no resolution in sight. To date, the Debtors have made no attempt to reorganize. Instead, several months after the filing, the Debtors sought to sell their assets by means of an auction. While the Debtors have subsequently sold some non-operating properties, the remainder of the Debtors' assets remain unsold and proposed auctions have been repeatedly rescheduled because the Debtors have not attracted qualified bidders.

Prior to the Petition Date, Village Ridge defaulted under the terms of its loan with Fannie Mae. As such, the Loan (defined below) began to accrue default interest. During the over a year-long pendency of these Bankruptcy Cases, however, the Debtors have only provided Fannie Mae with monthly payments in the amount of the non-default contract rate of interest. Thus, as the Debtors are stuck in a bankruptcy with no forward momentum, accruing interest continues to erode Fannie Mae's secured claim against the Property. Accordingly, cause exists for the Court to grant Fannie Mae relief from the automatic stay in order to allow it to exercise its rights and remedies with respect to its interest in the Property.

## II.   FACTUAL BACKGROUND.

1. On November 21, 2022 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases"). The Bankruptcy Cases are being jointly administered pursuant to an Order of this Court entered on November 22, 2022.

2. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.  This is a core proceeding under 28 U.S.C. § 152(b)(2)(G).  The statutory predicate for this motion is 11 U.S.C. § 362(d), Fed. R. Bank. P. 4001(a) and 9014, and Local Rule 4001-1.

### The Loan and Default

3. On or about September 20, 2018, Village Ridge executed a Promissory Note (the "Note") in favor of Berkadia Commercial Mortgage LLC ("Original Lender"), evidencing a loan

2

made by the Original Lender to Village Ridge in the original principal amount of $5,300,000.00 (the "Loan"). The Note was endorsed by Original Lender in favor of Fannie Mae, and Fannie Mae is the holder of the Note.

4. To secure repayment of the Note, Village Ridge executed a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Security Instrument"), granting Original Lender a first priority lien on all assets of Village Ridge, as more particularly described in the Security Instrument (the "Collateral"). *See* Motion at 4 (describing Fannie Mae's security interest as covering "all of [Village Ridge's] respective assets…together with all proceeds of the foregoing").

5. The Security Instrument was assigned by Original Lender to Fannie Mae on September 20, 2018 by virtue of an Assignment of Security Instrument (the "Assignment").

6. The Note, Security Instrument, Assignment and all related documents are collectively referred to as the "Loan Documents." The Loan Documents are attached to Fannie Mae's Claim No. 11-1 and are incorporated herein by reference.

7. The Collateral includes, but is not limited to all "products, and all cash and non-cash proceeds from the conversion, voluntary or involuntary, of any" portion of the Collateral (the "Cash Collateral").

8. Prior to the Petition Date, Village Ridge defaulted under the Loan Documents by, among other things, failing to make payments when due under the Loan Documents.

9. As of the Petition Date, Village Ridge owed Fannie Mae at least $5,530,815.33, plus accrued and accruing interest, fees, and costs.

### The Debtors' Bankruptcy and Stalled Sales Process

10. On November 23, 2022, the Debtors filed *Debtors' Emergency Motion for Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection Pursuant to Sections 361 and 363 of the Bankruptcy Code and to Schedule a Final Hearing* [ECF No. 8] (the "Cash Collateral Motion").

11. On January 30, 2023, the Court entered the *Stipulated Order Granting Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 552 and Rule 4001(b) and (d) of the Federal Rules of Bankruptcy Procedures for (A) Entry of Stipulation and Order Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Party, and (III) Granting Related Relief* [ECF No. 100] (the "Adequate Protection Order").

12. The Adequate Protection Order provided that the Debtors could use Fannie Mae's Cash Collateral in exchange for adequate protection payments in the amount of (i) the non-default contract rate interest component of the regular monthly payment called for under the Loan Documents, (ii) the regular real estate tax escrow payment called for under the Loan Documents, (iii) the regular property insurance escrow payment called for under the Loan Documents, and (iv) the regular working capital and maintenance repair reserve account payments called for under the Loan Documents (the "Adequate Protection Payments").

13. Fannie Mae accepted the stipulated Adequate Protection Order at the time based upon the Debtors' representation that a sale of the Debtors' assets would occur promptly.

14. On January 4, 2023, Village Ridge filed its Schedules and Statement of Financial Affairs. ECF No. 84.

15. In Village Ridge's Schedules, it asserts that the value of the Property is $10,010,000.00, based on a 2018 appraisal.

16. The appraisal is five years old, does not factor in the effects COVID-19 has had on the Property value and fails to reflect the current market conditions.

17. On February 16, 2023—nearly three months after the bankruptcy filing, Debtors filed the *Motion for Order Pursuant to 11 U.S.C. §§ 105(A) Approving Bidding Procedures to be Used in Relation to the Proposed Sale of Debtors' Assets* [ECF No. 130] (the "Bid Procedures Motion") seeking to sell all or substantially all of their assets as a going concern, free and clear of all lien and encumbrances pursuant to 11 U.S.C. § 363 (the "Sale").

18. On March 24, 2023, the Court entered an *Order* granting the Bid Procedures Motion (the "Bid Procedures Order"). ECF No. 161. The Bid Procedures Order established May 15, 2023,

4

as the deadline for parties to submit written bids for the purchase of some or all of the Debtors' assets, and May 25, 2023, as the auction date.

19. From and after entry of the Bid Procedures Order, the Debtors and their professionals have marketed the Debtors' assets, including the Property, with no success. The Debtors have extended the bid deadline four times in the hope of finding a buyer that would pay a price sufficient to repay the amounts owing to Fannie Mae.

20. As of the date hereof, no such buyer has been located. Meanwhile, interest rates have continued to rise and the market for assisted living facilities has continued to decline. The Debtors have given no indication that they have the ability to complete a sale that would satisfy the amounts owing to Fannie Mae.

21. On September 29, 2023, the Debtors modified the bid procedures to provide for an auction to occur on October 13, 2023. *See* ECF No. 268. No sale occurred at this auction.

22. Most recently, the Debtors failed to make the Adequate Protection Payment due on January 1, 2024.

### III.    ARGUMENT.

The Court may grant stay relief for "cause," including a lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1). The Court may also grant stay relief if a debtor does not have an equity in the property, and the property is not necessary to an effective reorganization *See* 11 U.S.C. §362(d)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 3755–76 (1988). Both grounds for stay relief are present here.

A.    Cause for Stay Relief.

Bankruptcy Code § 362(d)(1) provides that stay relief may also be granted for "cause, including the lack of adequate protection of an interest in property." Constitutional due process requires the protection of a secured creditor's interest in its collateral. *See, e.g., In re Blackwood Assocs., L.P.*, 153 F.3d 61, 68 (2nd Cir. 1998) ("The Code thus deliberately protects and preserves the interests of secured creditors in property in which they have a security interest, and accordingly takes the concept of adequate protection very seriously."). Adequate protection must safeguard a

5

creditor from "diminution in the value of its interest during the Chapter 11 Reorganization." *In re Mosello*, 195 B.R. 277, 292 (Bankr. S.D.N.Y. 1996) quoting *In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992). A movant may establish a *prima facie* case for lack of adequate protection by demonstrating that its position in its collateral is in jeopardy. *In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 190 (Bankr. E.D. Ark. 2010). Adequate protection must be considered "on a case-by-case basis and upon equitable considerations arising from the facts of each case. *In re Dahlquist*, 34 B.R. 476, 483 (Bankr. D.S.D. 1983). Relief from stay under Bankruptcy Code § 362(d)(1) may be granted where the accrual of interest places a secured creditor's claim in jeopardy. *See In re Schaller*, 27 B.R. 959 (W.D. Wis. 1983).

Fannie Mae's interest in the Property is not adequately protected in these Bankruptcy Cases. Village Ridge has failed to pay amounts due under the Loan Documents and is in default. In the months prior to the Petition Date, the Loan accrued over $52,000 in default interest. *See* Claim 11-1. The Loan continues to accrue interest at the default rate under the Loan Documents. During the course of these Bankruptcy Case, however, Village Ridge has only made payments to Fannie Mae in the amount of the non-default contract rate of interest. Meanwhile, the Debtors have failed to attract qualified bidders for the Property and a sale process that was supposed to happen quickly, has instead languished for over seven (7) months. Accordingly, the accruing default interest continues to erode Fannie Mae's secured claim. For this reason, as well, the Court should grant Fannie Mae stay relief for "cause".

      B.    <u>Relief May Also Be Granted Under 11 U.S.C. § 362(d)(2)</u>.

Under Bankruptcy Code § 362(d)(2), relief from stay "may be granted even if there is an adequate equity cushion and the debtor is able to provide an alternative means of adequate protection." *Matter of Belton Inns, Inc.*, 71 B.R. 811, 817 (Bankr. S.D. Iowa 1987). Under Section 362(d)(2), relief from stay may be granted where the debtor does not have equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). "Equity" is the difference between the value of the property and the total amount of all liens encumbering the property. *In re Irving A. Horns Farm, Inc.*, 42 B.R. 832, 836 (Bankr. N.D. Iowa 1984). In this

6

case, Village Ridge owes Fannie Mae at least $5,530,815.33 under the Loan Documents, plus accruing interest, fees and costs. The Debtors schedules contend that the Property is worth approximately $10 million. The Debtors, however, rely on a pre-pandemic appraisal from 2018. The appraisal does not appropriately reflect market conditions at they stand today given COVID-19 and rising interest rates. Given current market conditions and the accrual of default interest, Village Ridge likely lacks equity in the Property.

  C. <u>The Property Is Not Necessary to an Effective Reorganization that is in Prospect</u>.

A debtor's burden under 11 U.S.C. §363(d)(2)(B) is to show not just that property is "necessary," but that it is "essential for an effective reorganization *that is in prospect*." *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988) (emphasis in original). In order to avoid stay relief on this ground, the Debtors must affirmatively demonstrate that there is "'a reasonable possibility of a successful reorganization within a reasonable time.'" *Id.* (citation omitted). "It is not enough for a debtor to argue that the automatic stay should continue because it needs the secured property in order to propose a reorganization. If this were the test all property held by debtors could be regarded as necessary for the debtor's reorganization." *In re Clark Technical Assocs., Ltd.*, 9 B.R. 738, 748 (Bankr. Conn. 1981). Here, the Property is clearly not necessary for an effective reorganization that is in prospect.

The Debtors in this case have not attempted a reorganization. Instead, they have chosen to sell off their assets in a piecemeal fashion and have failed to find a qualified buyer. Debtor has demonstrated no potential for reorganization at all, let alone a successful reorganization within a reasonable time. Given the Debtor has demonstrated no intention or ability to reorganize or to even sell its assets within a reasonable time, it is clear that the Property is not necessary for an effective reorganization.

  **CONCLUSION**

For the foregoing reasons, Movant requests that the Court:

  A. Enter an order terminating all applicable stays, including the automatic stay of 11 U.S.C. §362(a), to the fullest extent necessary

CORE/0772514.0055/184803932.2

      (a)    to permit Movant to exercise all of its rights and remedies against the Property and associated collateral under the Deed of Trust, including but not limited to foreclosing the lien of its Deed of Trust by exercise of a power of sale or judicial foreclosure; and

      (b)    to permit Movant to obtain and enforce exclusive ownership, possession and control of the Property;

    B.    Order Debtor to turn over all of Movant's Cash Collateral, including but not limited to any rents;

    C.    Order that stay relief is effective immediately and waive the 10-day stay of bankruptcy Rule 4001(a)(3);

    D.    Award Movant its reasonable attorneys' fees and expenses; and

    E.    Grant Movant such other and further relief to which it may be entitled.

RESPECTFULLY SUBMITTED this 24th day of January, 2024.

STINSON LLP

*/s/ Nicholas J. Zluticky*
Nicholas J. Zluticky  (MO 61203)
STINSON LLP
1201 Walnut St., Ste. 2900
Kansas City, MO  64106
Tel: (816) 691-3278
Fax: (816) 412-9388
Nicholas.zluticky@stinson.com
ATTORNEYS FOR FANNIE MAE

CORE/0772514.0055/184803932.2

## CERTIFICATE OF SERVICE

I hereby certify that on, this 24th day of January 2024, a copy of the above and foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Nicholas J. Zluticky*
ATTORNEY FOR FANNIE MAE

CORE/0772514.0055/184803932.2