# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re Dimensions In Senior Living, LLC et al.,[1] | ) | Case No. 22-80860 |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Joint Administered |

**ORDER APPROVING MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, FED. R. BANK P. 6004, AND LOCAL R. BANK. P. 6004-1: (I) AUTHORIZING AND APPROVING THE SALE OF CERTAIN ASSETS OF *VILLAGE PLACE LLC* FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

THIS MATTER is before the court on the debtors' motion (the "Motion") to authorize and approve the sale of certain assets of debtor Village Place LLC ("Village Place") to American National Bank or its designee (the "Buyer"), along with the assumption and assignment of certain unexpired leases and executory contracts. (Doc. #420). The legal and factual bases set forth in the motion and the record before the court establish just cause for the relief granted herein. The court specifically finds:

A. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested include 11 U.S.C. §§ 105(a), 363, 365, 503, and 507, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1, and 6004-1.

B. Notice of the sale procedures, the auction sale, and of the motion was proper and adequate. Notice to any counterparties to any unexpired leases or executory contracts assumed or to be assumed was proper and adequate. No objections were timely filed. No additional notice is necessary.

C. On April 16, 2024, Village Place held a public auction of the assets described in Article II of the attached purchase agreement. Village Place received and accepted, subject to court approval, a credit bid of $2,400,000.00 from the Buyer. The credit bid was the only bid received and is the only bid that met the bid requirements.

D. The terms and conditions of the sale are fair, adequate, and reasonable, and constitute the highest and best offer for the assets sold and contracts assigned, and will provide a greater recovery for Village Place's estate than would be provided by any other available alternative. The acceptance of the terms of the sale constitutes a valid and sound exercise of the Village Place's business judgment.

---

[1] Dimensions In Senior Living, LLC, Tax I.D. No. 76-0771058, Village Ridge, LLC, Tax I.D. No. 20-3042744, Village Place, LLC, Tax I.D. No. 81-2042780, WB Real Estate Of IOLA, LLC, Tax I.D. No. 46-5548614, Humboldt Assisted Living LLC, Tax I.D. No. 48-1221950, Wilcox Properties Of Columbia, LLC, Tax I.D. No. 43-1934089, Wilcox Properties Of Fort Calhoun, LLC, Tax I.D. No. 20-5822304.

E. The Buyer is not an "insider" or "affiliate" of the debtors, and no common identity of incorporators, directors, managers, controlling shareholders, or other insider of the debtors exist between the Buyer and Village Place.

F. Neither Village Place nor the Buyer engaged in conduct that would cause or permit the sale or assignments to be avoided under 11 U.S.C. § 363(n).

G. The Buyer acted in good faith and is entitled to the full protections of 11 U.S.C. § 363(m).

IT IS THEREFORE ORDERED:

1. The motion is granted and the sale and assumptions, and assignments to Buyer or its designee, on the terms stated in the purchase agreement attached to the Motion are approved.

2. Pursuant to 11 U.S.C. § 363(f), effective upon closing, the sale and assignments of the assets will vest in the Buyer all right, title and interest of Village Place and the bankruptcy estate in the assets, free and clear of all liens, claims or interests, which liens, claims, and interests are unconditionally released.

3. Except as provided in the purchase agreement (attached hereto), the Buyer has not assumed any liabilities of Village Place. The Buyer is not a mere continuation of Village Place or its estate, and there is no continuity of enterprise between the Buyer and Village Place. The Buyer is not a successor to Village Place or its estate, and the sale does not amount to a consolidation, merger, or *de facto* merger of the Buyer and Village Place.

4. Village Place is authorized to execute and deliver the purchase agreement, and to take any actions necessary to perform, consummate, implement, and close the sale, assumptions, and assignments. Village Place is further authorized to execute any releases, termination statements, assignments, consents, or instruments on behalf of any third party, including the holders of any liens, claims or interests, that are necessary or appropriate to effectuate or consummate the sale.

5. The purchase agreement and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties without further order of the court, provided that any such modification, amendment or supplement does not have a material adverse effect on Village Place's bankruptcy estate.

6. This order is effective immediately upon entry. No automatic stay of execution, under Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies.

7. This court retains jurisdiction to enforce and implement the terms and provisions of this order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to: (a) compel delivery of the assets to the Buyer; (b) resolve any disputes arising under or related to the purchase agreement; and (c) resolve any disputes regarding liens, claims, or interests asserted against the assets.

8. The automatic stay of 11 U.S.C. § 362 is modified to allow the Buyer to take any action permitted under the purchase agreement and related documents in accordance with the terms and conditions thereof.

9. The credit bid of Buyer in the amount of $2,400,000.00, which amount shall be credited against the Buyer's proof of claim at Claim No. 4-1 in the amount of 2,872,389.58.

10. As to any assumed and assigned unexpired leases and executory contracts, Village Place must serve a new notice on all contract counterparties stating the amounts due and owing, if any, under the applicable or lease contract (excluding resident contract and resident leases) through the petition date. ***Each contract counterparty must object to the cure amount within twenty-one (21) days of service of the new notice***. The court will hear any unresolved cure objections if Village Place and the corresponding contract party cannot agree on a cure amount. If no objections are filed, the Buyer is deemed to have assumed the assumed and assigned unexpired leases and executory contracts and such assumption and assignment shall be in full force and effect against any contract counterparty thereto in accordance with the terms of such contracts. The Buyer shall be deemed to have furnished adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B). There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Buyer or Village Place as a result of the assumption and assignment such contracts.

Dated: July 30, 2024

BY THE COURT

_____
Brian S. Kruse
Bankruptcy Judge

3