**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re Dimensions In Senior Living, LLC et al.,[1] | ) | Case No. 22-80860 |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Joint Administered |

### CHAPTER 11 PLAN OF LIQUIDATION OF *VILLAGE RIDGE, LLC*

COMES NOW, **Village Ridge, LLC**, Debtor and Debtor-in-Possession ("Debtor") in Case No. BK 22-80863 (Bankr. D. Neb. 2022), and administratively consolidated in the above captioned bankruptcy case, hereinafter referred to as "Debtor" proposes the following Chapter 11 Plan of Liquidation (the "Plan").

### ARTICLE I
### (DEFINITIONS)

**A.     DEFINED TERMS**

Subject to the qualifications contained in Article I, Paragraph B below, the following terms are defined as follows whenever they appear as capitalized terms and are used in this Plan and Debtor's Disclosure Statement, if applicable. For purposes of the Plan and such defined terms, the singular and plural uses of such defined terms and the conjunctive and disjunctive uses thereof will be fungible and interchangeable (unless the context otherwise requires); and the defined terms will include masculine, feminine, and neuter genders. Any term used in this Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

1. "Administrative Claim" shall mean a Claim to the extent allocated to such Debtor for costs and expenses of administration pursuant to section 503(b) of the Bankruptcy Code that is entitled to priority under section 507(a)(2) of the Bankruptcy Code and claims entitled to priority under sections 364, 365(d)(3) and 507(b) of the Bankruptcy Code, and includes: (i) actual and necessary costs and expenses incurred by the Debtor after the Petition Date with respect to preserving the Estates and operating the Debtor's business; (ii) any Professional Fee Claims approved by the Bankruptcy Court under section 330 of the Bankruptcy Code that are incurred on or before the Confirmation Date; and (iii) all fees and charges properly assessed against the Estates under 28 U.S.C. § 1930.

2. "Allowed Amount" shall mean the amount of any Allowed Claim recognized by Debtor as valid or allowed by a Final Order of this Court.

3. "Allowed Claim" or "Allowed…Claim" or "Allowed Interest" shall mean a Claim or Interest having the following characteristics:

---

[1] Dimensions In Senior Living, LLC, Tax I.D. No. 76-0771058, Village Ridge, LLC, Tax I.D. No. 20-3042744, Village Place, LLC, Tax I.D. No. 81-2042780, WB Real Estate Of Iola, LLC, Tax I.D. No. 46-5548614, Humboldt Assisted Living, LLC, Tax I.D. No. 48-1221950, Wilcox Properties Of Columbia, LLC, Tax I.D. No. 43-1934089, Wilcox Properties Of Fort Calhoun, LLC, Tax I.D. No. 20-5822304.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

a) Either such Claim or Interest was listed in the Chapter 11 Schedules of Debtor filed with the United States Bankruptcy Court for the District of Nebraska (hereafter, the "Court") pursuant to §521 of the Code; and (1) such Claim or Interest was not identified in those schedules as "disputed", "contingent" or "unliquidated"; or (2) proof of such Claim or Interest has been filed with the Court in the time and in the manner prescribed by the Court, the Code and the Federal Rules of Bankruptcy Procedure; and

b) No objection to the allowance of such Claim or Interest has been interposed within the periods of limitation fixed by the Court, the Code or the Federal Rules of Bankruptcy Procedure or any order resolving any objection to the allowance of such Claim or Interest has become a Final Order.

4. "Avoidance Action" shall mean a claim or cause of action, and the proceeds thereof, against Persons arising under sections 502(d), 542, 544, 545, 547 through 551, and 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code, or under related state or federal statutes and common law, including fraudulent transfer and fraudulent conveyance laws, whether or not litigation is commenced before or after the Effective Date to prosecute such Avoidance Action.

5. "Ballot" shall mean each of the forms that will be distributed with the Plan to holders of Claims and holders of Interests in Classes that are impaired under the Plan and entitled to vote in connection with the solicitation of acceptances of the Plan.

6. "Bankruptcy Code" or "Code" shall mean the federal statutes commonly referred to as the "Bankruptcy Code" and which are set forth in Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*).

7. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Nebraska or the United States District Court, District of Nebraska, if and when a district judge is acting as a trial judge and not an appellate judge in this Case.

8. "Bankruptcy Schedules" shall mean the official schedules of assets and liabilities and statement of financial affairs filed by Debtor in this case.

9. "Business Day" shall mean Monday through Friday, except for state and federal holidays.

10. "Case" shall mean the Chapter 11 bankruptcy case of Debtor, pending in the United States Bankruptcy Court for the District of Nebraska as Case No. BK 22-80863.

11. "Cash" shall mean legal tender of the United States of America and equivalents thereof.

12. "Causes of Action" shall mean all claims and causes of action of the Debtor and its Estate as of the Effective Date, whether arising under any contract, tort, the Bankruptcy Code, or other federal or state law, including, but not limited to, Avoidance Actions, all litigation pending in any jurisdiction in which any of the Debtor is a plaintiff, together with all products and proceeds thereof.

13. "Causes of Action Recoveries" shall mean the proceeds recovered from Causes of Action, less the cost of collection thereof.

14. "Claim" shall mean a "claim," as defined by §101(5) of the Code, against Debtor, against property of Debtor or against property of the Estate.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

15. "Class" shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to this Plan.

16. "Confirmation" shall mean the signing, by a United States Bankruptcy Judge or United States District Judge acting as a trial judge and not as an appellate judge, of all orders necessary to confirm the Plan.

17. "Confirmation Order" shall mean the order (or orders) confirming the Plan, signed by a United States Bankruptcy Judge or United States District Judge, acting as a trial judge and not as an appellate judge, after entry of such order (or orders) on the court's docket.

18. "Creditor" shall mean any entity holding a Claim.

19. "Cure Amount" shall mean the amount necessary to cure any payment arrearages with respect to any executory contracts and leases to be assumed by Debtor.

20. "Disputed Claim" or "Disputed Interest" shall mean, at any time, that portion of a Claim asserted against Debtor that is: (i) the subject of an objection interposed by Debtor or other party in interest in the Chapter 11 Case, if prior to the first hearing on the Confirmation Order such objection remains unresolved; or (ii) prior to the time that an objection has been or may be timely filed, in excess of the amount of the Claim scheduled by Debtor as other than disputed, contingent or unliquidated; provided, however, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to §502(c) of the Bankruptcy Code. In the event there is a dispute as to classification of a Claim, it shall be considered a Disputed Claim in its entirety. The portion of a Claim that is not disputed by Debtor shall be deemed to be an Allowed Claim.

21. "Effective Date" shall mean that date which is fourteen (14) days following the date of all orders necessary for confirmation of the Plan to become Final Orders.

22. "Estate" shall mean the estate created in Debtor's Case under §541 of the Bankruptcy Code.

23. "Equity Holder" shall mean any holder of an Interest.

24. "Executory Contract" shall mean a contract or lease to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

25. "Federal Rules of Bankruptcy Procedure" shall mean those rules of procedure governing bankruptcy cases and contested matters and adversary proceedings in those cases which have been promulgated pursuant to 28 U.S.C. § 2075, and any amendments to those rules applicable to this Case.

26. "Final Order" shall mean an order or judgment entered on the Court's official docket and which: (a) has sufficient finality under applicable law to be appealable as of right; (b) has been entered on the court's docket for a sufficient period of time such that the filing of any notice of appeal from it is subject to being dismissed as commencing an untimely appeal; (c) has not been reversed; (d) is not stayed; (e) is not the subject of a pending motion seeking relief from it, reconsideration of it, or to alter or amend it; and (f) is not the subject of a pending appeal or a pending motion for review or rehearing on appeal.

27. "Interest" shall mean the interests, whether or not asserted, of any holder of an equity security of Debtor on the Petition Date, as defined in §101(17) of the Bankruptcy Code.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

    28. "Lien" shall have the meaning set forth in section 101(37) of the Bankruptcy Code.

    29. "Person" shall mean an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization or other entity.

    30. "Petition" shall mean the petition for relief under Chapter 11 of Title 11, United States Code filed by Debtor on November 21, 2022.

    31. "Petition Date" shall mean the date upon which Debtor filed its voluntary petition for relief under Chapter 11 of Title 11, United States Code.

    32. "Plan" shall mean this Chapter 11 Plan of Liquidation, including all exhibits to this Plan, either in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Code and the Federal Rules of Bankruptcy Procedure.

    33. "Priority Claim" shall mean a Claim entitled to priority against the Estate under §507(a), except for those Claims arising under §507(a)(8). Priority Claims do not include any Claims incurred after the Petition Date.

    34. "Unsecured Claim" means a Claim not secured by a Lien on property of the Estates and not entitled to be classified as a Priority Claim under section 507 of the Bankruptcy Cod

    35. "Priority Tax Claim" shall mean a Claim entitled to priority against the Estate under §507(a)(8). Priority Tax Claims do not include any Claims incurred after the Petition Date.

    36. "Pro Rata" shall mean, as of any date of determination, with respect to the share of any Allowed Claim within any Class of Claims, the proportion ("Z") that the Face Amount of such Allowed Claim in a particular Class of Claims ("X") bears to the aggregate Face Amount of all Allowed Claims (including Disputed Claims) in such Class ("Y") represented by the mathematical algorithm of: $X \div Y = Z$.

    37. "Professional Fee Claim" shall mean a Claim of a Professional Person for compensation for services rendered in these Cases prior to the Effective Date under sections 327, 328, 330, 331, 363, 503 or 1103 of the Bankruptcy Code, for such Professional Person.

    38. "Professional" or "Professional Persons" shall mean Persons, including attorneys, accountants and financial advisors retained by the Debtor, the Committee or the Creditor Trustee, or to be compensated under sections 327, 328, 330, 331, 363, 503 or 1103 of the Bankruptcy Code.

    39. "Reorganized Debtor" shall mean Debtor, as reorganized, which shall continue to own the property interests of Debtor on the Effective Date and having the rights, powers, duties and interests granted to the "Reorganized Debtor" under the Plan and the Bankruptcy Code.

    40. "Schedules" shall mean Debtor's Chapter 11 Schedules and Statement of Financial Affairs filed with the Clerk of the Bankruptcy Court in this Case and any subsequently filed amendments thereto at Filing No. 84.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

41. "Secured Claim" means a Claim secured by a lien on property of the Estates, or a Claim subject to set off under section 553 of the Bankruptcy Code, to the extent of the value of such Creditor's interest in property of the Estates, or to the extent of the amount subject to set off, as the case may be.

42. "Secured Creditor" shall mean the holder of a Secured Claim.

43. "Security Interest" shall have the meaning set forth in section 101(51) of the Bankruptcy Code.

44. "Tax" shall mean: (a) any net income, alternative or add-on minimum, gross income, gross receipts, sales, use, ad valorem, value added, transfer, franchise, profits, license, property, environmental or other tax, assessment or charge of any kind whatsoever (together in each instance with any interest, penalty, addition to tax or additional amount) imposed by any federal, state or local taxing authority or (b) any liability for payment of any amounts of the foregoing types as a result of being a member of an affiliated, consolidated, combined or unitary group, or being a party to any agreement or arrangement whereby liability for payment of any such amounts is determined by reference to the liability of any other entity.

45. "Tax Refund" shall mean any right, title, or interest held by Debtor to any claim for a refund or credit of any Tax, including any rights to any employ retention tax credits.

46. "Tax Refund Proceeds" shall mean the proceeds recovered from any Tax Refund, less the cost of collection thereof.

47. "Unsecured Claim" means a Claim not secured by a Lien on property of the Estates and not entitled to be classified as a Priority Claim under section 507 of the Bankruptcy Code.

48. "Unsecured Creditor" shall mean any holder of an Allowed Unsecured Claim.

**B.** **RULES OF CONSTRUCTION**

1. The rules of construction set forth in §102 of the Bankruptcy Code apply to this Plan.

2. Bankruptcy Rule 9006(a) applies when computing any time period under this Plan.

3. For the purpose of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined in Article I, Paragraph A above, shall have the meanings assigned to them under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

4. The definition given to any term or provision in this Plan shall supersede and control any different definition that may be given to such terms or provisions in Debtor's Disclosure Statement, if applicable.

5. Whenever the context requires, terms contained and defined herein shall include the plural and the singular number. The masculine gender as used in the Plan shall, unless the context otherwise requires, include the feminine gender, and the feminine gender shall likewise include the masculine.

6. Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

7. Unless otherwise indicated, the phrase "under the Plan", "hereunder", "herein", "hereto" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan. Unless otherwise specified, all references to "Articles" or "Paragraphs" are references to this Plan's Articles or Paragraphs.

## ARTICLE II
### (DEFINITION AND TREATMENT OF CLAIMS)

**A.    SUMMARY OF CLASSIFICATION OF CLAIMS AND INTERESTS**

| CLASS | DESCRIPTION | IMPAIRED | VOTING STATUS |
|---|---|---|---|
| N/A | Allowed Administrative Claims, other than claims under the DIP Financing, Priority Claims, and Priority Tax Claims | N/A | Not Entitled to Vote |
| Class 1 | Allowed Unsecured Claims | YES | Entitled to Vote |
| Class 2 | Equity Holders | YES | Entitled to Vote |

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM THAT IS NOT AN ALLOWED CLAIM, AND NO DISTRIBUTION WILL BE MADE ON ANY CLAIM SUBORDINATED TO OTHER CLAIMS PURSUANT TO AN ORDER OF THE COURT, EXCEPT AS MAY BE CONSISTENT WITH SUCH SUBORDINATION.**

**B.    AMOUNTS OF CLAIMS AND INTERESTS**

Because certain of the Claims and Interests treated under this Plan are in unknown or undetermined amounts, the amounts of Claims and Interests specified in the Plan reflect only Debtor's best estimate as of the date hereof.

1.    Classification and Treatment of Claims and Interests Under the Plan

The treatment of Claims and Interest in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding an Allowed Claim or an Allowed Interest may have in or against Debtor, the Estate, the Reorganized Debtor or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against Debtor, the Estate, the Reorganized Debtor, or their respective property. All distributions in respect of Allowed Claims will be allocated first to the principal amount of such Allowed Claim, as determined for federal income tax purposes, and thereafter, to the remaining portion of such Allowed Claim, if any.

a)    *Unclassified Claims* – Under the Plan, Allowed Administrative Claims, Allowed Priority Claims, and Allowed Priority Tax Claims, as of the Effective Date of the Plan constitute unclassified claims and shall be treated as set forth below:

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

(i) <u>Allowed Administrative Claims and Allowed Priority Claims and Allowed Priority Tax Claims</u> - The holders of Allowed Priority Claims and Allowed Administrative Claims against Debtor (excluding claims described in 11 U.S.C. § 507(a)(8)) shall be paid in cash, in full, within five (5) business days of the Effective Date or upon the expiration of the appeal period for the order allowing such claims claim, whichever is later, or at such other times as may be mutually agreed upon by Debtor and such claimants.  In the event sufficient cash to pay Allowed Administrative Claims and Allowed Priority Claims and Allowed Priority Tax Claims does not exist to pay such claims as described above, such claims shall be paid, in their order or priority, when funds become available.

b) *Classified Claims* - Under the Plan, Allowed Secured Claims, Allowed Unsecured Claims, Interests, any Allowed Claims subordinated under §§509(c), 510(b), or 510(c), and any Interest in Debtor or any Interest or Claim held by Debtor's Equity Holders constitute classified claims which are placed into the respective classes in the table set forth above.

In full and complete satisfaction of Allowed Claims:

*Class 1.*  This Class shall consist of the holders of Allowed Unsecured Claims.  The Allowed Amount of Allowed Unsecured Claims held by Unsecured Creditors shall be determined by the amount set forth in Debtor's Bankruptcy Schedules, any timely proofs of claim filed in this Bankruptcy Case, or final order of the Bankruptcy Court (the "Allowed Class 1 Claims").  Unless any submitted Unsecured Claim is a Disputed Claim, in the event there is a discrepancy between the amount of an alleged claim contained in Debtor's Bankruptcy Schedules and timely proof of claim filed by an Unsecured Creditor, the Allowed Amount of such Unsecured Creditor's Unsecured Claim shall be determined by the timely filed proof of claim.  Each holder of an Allowed Class 1 Claim will be paid its Pro Rata share from the Claims Distribution Fund.

*Class 2***:**  Holders of Equity Security Interests in Debtor shall retain their Interests in Debtor under this Plan provided that all unclassified claims and the Class 1 Claims are paid in full.   All other Interests shall be canceled.

**C.    IDENTIFICATION OF CLASSES IMPAIRED BY THE PLAN**

Debtor believes that all the Classes created by the Plan are considered "impaired" pursuant to 11 U.S.C. §1124 and are therefore entitled to vote on the Plan.  This means, in part, that the Plan modifies the contractual rights of holders of the claims and interests in each of those Classes, that such holders will not receive the Allowed Amounts of their Claims in cash on the Effective Date of the Plan or not be paid in accordance with the terms of the instruments giving rise to their respective claims, and that holders of Allowed Interests will not retain any fixed liquidation preference or be paid any fixed redemption amount for any Interest or equity securities held.

**D.    MEANS OF IMPLEMENTING THE PLAN**

1.  **General Treatment.**  Classes One through Two will be paid from the revenue derived from the liquidation of any of Debtor's remaining assets, including: (i) existing cash not transferred to Fannie Mae, and Tax Refunds and Tax Refund Proceeds.

2.  **Collection and Liquidation of Assets**.  This Plan is funded by Debtor, in part, from Debtors Cash not subject to a Lien, and the proceeds realized from the liquidation of Debtor's remaining assets, including Tax Refunds and Tax Refund Proceeds.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

3. **Establishment of the Claims Distribution Fund.** Upon the Effective Date, Debtor shall maintain or establish the Claims Distribution Fund, an interest-bearing account to be established at any financial institution insured by the FDIC and selected by Debtor. Upon the Effective Date, ~~Village Ridge~~ shall contribute remaining cash not encumbered by any Liens, allowed administrative expense claims, and allowed priority claims, into the Claims Distribution Fund as funds become available.

4. **Distributions from the Claims Distribution Fund.** Each Holder of an Allowed Class 1 Claim shall receive its Pro Rata share from the Claims Distribution Fund, if any. Such payments shall be made on a as funds become available.

5. **Distributions Addresses.** Subject to the Bankruptcy Rules, all distributions made or required, under the Plan, shall be made: (i) if a proof of claim is filed in respect to a particular Claim, to the holder of such Allowed Claim at the address of such holder set forth in the relevant proof of claim, as such address may have been updated pursuant to the Bankruptcy Rule 2002(g); or (ii) if no proof of claim is filed in respect to a particular Claim, to the holder of such Allowed Claim at the address set forth in the relevant Debtor's Schedules, as such address may have been updated pursuant to Bankruptcy Rule 2002(g). However, if Debtor is notified in writing, no later than ten (10) Business Days after the Effective Date, of a change of address that provides an address different from that specified in (i) or (ii) above, then the distribution shall be made at the address contained in the written notification. Nothing contained in the Plan will require Debtor to attempt to locate any holder of an Allowed Claim.

6. **Resolution of Disputed Claims**. Debtor shall file and serve a copy of each Objection upon the holder of the relevant Claim as soon as practicable, but in no event later than: (i) 90 days after the Effective Date; or (ii) such other time as may be fixed or extended by the order of the Bankruptcy Court. After the Effective Date, Debtor may settle or compromise any Disputed Claim without approval of the Bankruptcy Court. No distribution or payment shall be made on account of a Disputed Claim unless, and until, such Disputed Claim becomes an Allowed Claim by Final Order of the Bankruptcy Court.

7. **Estimation of Disputed Claims**. Debtor may at any time request that the Bankruptcy Court estimate any such Disputed Claim subject to estimation under §502(c) of the Bankruptcy Code and for which Debtor may be liable under this Plan, including any Disputed Claim for taxes, to the extent permitted by §502(c) of the Bankruptcy Code, regardless of whether any party in interest previously objected to such Claim; and the Bankruptcy Court may retain jurisdiction to estimate any Disputed Claim pursuant to §502(c) of the Bankruptcy Code at any time during litigation concerning any objection to the Claim or Interest. In the event that the Bankruptcy Court estimates any contingent or unliquidated Disputed Claim, that estimated amount will constitute (at the option of Debtor to be exercised at the commencement of the estimation proceeding) either the Allowed amount of such Claim or a maximum limitation on the Allowed amount of such Claim, as determined by the Bankruptcy Court.

8. **Unclaimed or Undeliverable Distributions**. Any distributions under the Plan with respect to an Allowed Claim that are unclaimed or undeliverable for a period of sixty (60) days after the applicable distribution date thereof shall be classified as "Unclaimed Property." Any distributions made under the Plan that become Unclaimed Property shall be returned to Debtor for disbursement in accordance with the terms of this Plan.

9. **Further Authorizations.** Debtor, if and to the extent necessary, may seek such orders, judgments, injunctions, and rulings that any of them deem necessary to further carry out the intentions and purposes of, and give full effect to the provisions of, the Plan.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

      10. **Transfer Taxes.** The issuance, transfer, or exchange of any of the securities issued under, or the transfer of any other assets or property pursuant to or in connection with the Plan, or the making or delivery of an instrument of transfer under or in connection with the Plan shall not, pursuant to §1146 of the Bankruptcy Code, be taxed under any law imposing a stamp tax, transfer tax, or other similar tax.

      11. **Recordable Order.** Upon Confirmation of the Plan, the Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

      12. **Effectuating Documents and Further Transactions.** Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

## ARTICLE III
### (TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

      In accordance with 11 U.S.C. §§ 365 and 1123, Debtor intends to reject any of its all its executory contracts and unexpired leases other than those assigned or to be assigned to Fannie Mae as part of the court approve sale of Debtor's former real property assets; provided, however, that to the extent any insurance policy of the Debtor or its Estate is deemed to be an Executory Contract or Unexpired Lease, such it shall not be deemed rejected under the Plan and will be assumed. Nothing in the Plan, nor confirmation of the Plan, shall diminish or impair the enforceability of any insurance policy that may cover any Claims or Causes of Action of the Estate. The entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejection pursuant to 11 U.S.C. §§ 365 and 1123.

      In the event an executory contract or unexpired lease is rejected by Debtor, any Person seeking a claim for damages by reason of the rejection of any executory contract or unexpired lease must file a proof of claim with the Bankruptcy Court before forty-five (45) calendar days following the Effective Date. Such claim for damages shall be treated as a Class 1 Unsecured Claim. **Any person who fails to file a proof of claim prior to this bar date is forever barred from asserting any such claim against Debtor, Bankruptcy Estate and/or the Reorganized Debtor and will receive nothing under this Plan.**

## ARTICLE IV
### (POST-CONFIRMATION BUSINESS OPERATIONS)

      After the Effective Date, Debtor will continue to manage the business affairs of Debtor to effectuate a winddown and liquidation of Debtor's remaining assets through its manager, Dimensions in Senior Living, LLC.

## ARTICLE V
### (OWNERSHIP OF DEBTOR'S ASSETS)

      As of the Effective Date of the Plan, the Reorganized Debtor shall be vested with ownership of all property of Debtor's Chapter 11 Estate, as defined in 11 U.S.C. §541, and as provided for in the Plan for the purposes of liquidating and distributing the same pursuant to the terms of the Plan.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

## ARTICLE VI
### (INSURANCE)

The Reorganized Debtor shall maintain insurance on its tangible personal and real property, if any, in an amount not less than the fair market value of that property and shall keep its property in good repair, reasonable wear and tear excepted.

## ARTICLE VII
### (ACCEPTANCE OR REJECTION OF PLAN)

All Classes are entitled to vote for or against the Plan.  Notwithstanding the actual rejection by any Class or Classes, Debtor reserve the right to seek confirmation of the Plan in accordance with §1129(b) of the Bankruptcy Code

## ARTICLE VIII
### (BINDING NATURE OF THE PLAN)

Upon the entry of the Order Confirming the Plan, the Plan shall bind Debtor, the Reorganized Debtor, all entities that are to acquire any property under the Plan, all creditors, and all equity security holders, whether or not their claims and interests are impaired under the Plan and whether or not they have accepted the Plan, as determined by 11 U.S.C. §1141.  Certain other claims shall be deemed released and other acts and actions as further specified in the Plan shall be enjoined.

This means, in part, that, except as provided by an express order of the Bankruptcy Court or pursuant to the terms of the Plan or the Order Confirming the Plan, all judicial, administrative or other actions or proceedings pending against Debtor or arising out of claims accrued prior to the confirmation of the Plan shall be permanently enjoined.

## ARTICLE IX
### (INJUNCTION AND DISCHARGE)

Debtor is not seeking a discharge of Debts under this Plan pursuant to 11 U.S.C. §1141(d)(3) as: (i) the Plan provides for the liquidation of all or substantially all of the property of the estate; (ii) Debtor will not engage in business after consummation of the Plan (other than to effectuate a winddown of its affairs); and (iii) Debtor would be denied a discharge under 11 U.S.C. §727(a) section 727(a)(1) as Debtor is not an individual.

Notwithstanding this fact, and except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan, including without limitation from taking any of the following actions against, as applicable, Debtor or Reorganized Debtor: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims and Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such entities on account of or in connection with or with respect to any such Claims and Interests; (3) creating, perfecting, enforcing, renewing, extending, reviving, or continuing any Lien or encumbrance of any kind against such entities or the property of such entities on account of or in connection with or with respect to any such Claims and Interests; (4)

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such entities or against the property of such entities on account of or in connection with or with respect to any such Claims and Interests unless such entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims and Interests.

## ARTICLE X
## (EXONERATION AND RELIANCE)

Debtor, as well as its respective members, officers, attorneys, accountants and other professionals whose employment has been approved by the Bankruptcy Court shall not be liable, other than for willful misconduct or gross negligence, to any holder of a Claim or Interest, or any other entity, with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time between the Petition Date and the Effective Date of the Plan in connection with: (i) the management or operation of Debtor, or the discharge of their duties under the Bankruptcy Code; (ii) the implementation of any of the transactions provided for, or contemplated in, the Plan; (iii) any action taken in connection with either the enforcement of Debtor's rights against any entities or the defense of Claims asserted against Debtor with regard to the Chapter 11 Case; or (iv) any action taken in the negotiation, formulation, development, proposal, disclosure, Confirmation, or implementation of the Plan filed in this Chapter 11 Case.  Debtor, as well as its respective Equity Holders, directors, officers, agents, employees, members, attorneys, accountants, financial advisors, and representatives may reasonably rely upon the opinions of their respective counsel, accountants, and other experts or professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of willful misconduct; provided, however, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith or willful misconduct.

## ARTICLE XI
## (MISCALLANEOUS IMPLEMENTATION OF THE PLAN)

The Plan will be implemented, in part, as follows:

1. On the Effective Date, Debtor shall become the Reorganized Debtor.

2. The Members of the Reorganized Debtor shall oversee implementation of the Plan and be fully empowered to act for the estate to implement the Plan.

3. The Members of the Reorganized Debtor shall take the necessary actions to prosecute any and all claims, causes of action and objections to Proofs of Claim or Proofs of Interest as determined to be appropriate and in the best interest of the Reorganized Debtor and the persons holding Allowed Claims.

4. If applicable, the membership agreements of the Reorganized Debtor shall be deemed to be amended in every way necessary to comply with and effectuate the terms and conditions of the Plan.

5. The Members of the Reorganized Debtor shall have all the powers granted by state or federal laws.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

      6. The Members of the Reorganized Debtor shall have the power to amend any membership agreements in any manner necessary to carry out the provisions of the Plan. The Members shall be entitled to use and exercise all pertinent provisions of state and federal law.

## ARTICLE XII
## (MODIFICATION OF AND AMENDMENTS TO THIS PLAN)

      Prior to the entry of the Order Confirming this Plan, Debtor may propose amendments or modifications in accordance with 11 U.S.C. §1127. The Bankruptcy Court may, at any time, so long as it does not materially or adversely affect the interests of creditors and equity interest holders, remedy defects and omissions or reconcile any inconsistencies herein or in the Order Confirming the Plan as may be appropriate to effectuate this Plan.

## ARTICLE XIII
## (REMEDIES FOR DEFAULTS BY THE REORGANIZED DEBTOR)

      If the Reorganized Debtor fails to comply with the terms hereof, subject to any applicable notice requirements, the holders of Claims and Interests materially harmed thereby may proceed against the Reorganized Debtor and its property to enforce this Plan, taking any action permissible under federal or state law, in any court of competent jurisdiction.

## ARTICLE XIV
## (RETENTION OF BANKRUPTCY COURT JURISDICTION)

      Following confirmation of the Plan, the Bankruptcy Court shall retain, without limitation, jurisdiction to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Bankruptcy Court will retain jurisdiction, until the Plan is fully consummated, for the following purposes:

      1. Deciding the proper classification of any claim, determining the proper allowance subordination and liquidation for purposes of distribution of claims estimated for purposes of voting, and resolving objections to claims and Interests, and the reexamination of Allowed Claims for purposes of determining acceptances at the time of Confirmation, and the determination of such objections as may be filed. The failure by the Reorganized Debtor to object to or to examine any Claim for the purpose of determining Plan acceptance, shall not be deemed to be a waiver of any right to object to or reexamine any Claim in whole or in part;

      2. Resolving all disputes regarding title to assets of the Reorganized Debtor and all disputes arising under the Bankruptcy Code and to determine all questions and disputes regarding assets of the Estate and all assets of the Reorganized Debtor existing as of the date of the Final Confirmation Order, to conduct any sales of assets of the Estate and assets of the Reorganized Debtor existing as of the date of the Final Confirmation Order, and all causes of action, controversies, disputes, or conflicts, known or unknown, whether or not subject to action pending as of the Confirmation Date, between a Debtor and any other party, including but not limited to, such Debtor's right to recover assets, avoid transfers, recover fraudulent transfers, offset claims, recover money or property from any party or return assets which were or are the property of the Estate or asset of the Reorganized Debtor existing as of the date of the Final Confirmation Order pursuant to the provisions of the Bankruptcy Code;

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

3. Hearing all matters and deciding all issues regarding the prosecution by Debtor or the Reorganized Debtor of any Complaints or causes of action and preference claims against any person and adjudicate all claims, controversies, contested matters or adversary proceedings arising out of any purchases, sales, agreements or obligations made or undertaken by and between a Debtor and any third party during the pendency of the Reorganization Cases and such jurisdiction shall continue after the closing of these cases;

4. Correcting of any defect, curing any omission, or reconciling any inconsistency between the Plan and the Order Confirming the Plan as may be appropriate to effectuate the purposes and intent of the Plan;

5. Modifying the Plan after confirmation;

6. Enforcing and interpreting the terms and conditions of the Plan, any securities issued under the Plan, or any other documentation effectuating the Plan and all controversies and disputes that may arise in connection with the enforcement, interpretation or consummation of the Plan;

7. Resolve any claims or causes of action, including any avoidance actions arising by operation of U.S.C. §§ 542 through 551, against any creditors or equity security holders held by Debtor, the Reorganized Debtor or any creditors of Debtor;

8. Entering any order required to enforce the rights and powers of the Reorganized Debtor;

9. Determining any claim entitled to priority under §507 of the Bankruptcy Code;

10. Entering any order required to close Debtor's case;

11. Determining all matters relating to the assumption, assignment, or rejection of executory contracts and unexpired leases, including claims for damages from the rejection of any executory contract or unexpired lease within such time as the Bankruptcy Court may direct;

12. The Bankruptcy Court may liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent, disputed, or unliquidated Claims;

13. The Court may shorten or extend, for cause, the time fixed for doing any act or thing under the Plan, on such notice as the Bankruptcy Court shall determine to be appropriate;

14. The Court may enter any order, including injunctions, necessary to enforce the title, rights, and powers of the Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights, and powers as the Bankruptcy Court may deem appropriate; and

15. The Court may determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Bankruptcy Code.

## ARTICLE XV
### (REQUEST FOR CONFIRMATION)

Debtor requests entry of an Order confirming the Plan pursuant to §1129 of the Bankruptcy Code.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

# ARTICLE XVI
## (MISCELLANEOUS)

1. **Payment Dates.** Whenever any payment to be made under the Plan is due on a day other than a Business Day, such payment will instead be made, without interest for such delay, on the next Business Day.

2. **Governing Law**. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Nebraska.

3. **Severability**. In the event that any provision of the Plan is determined to be void or otherwise unenforceable following the Effective Date, then such provisions shall be severable from the Plan and shall in no way limit or affect the enforceability and operative effect of any and all other provisions hereof.

4. **Computations.** Any calculation of days shall exclude the first date of such period, shall include the last date and, in the event the last date is not a Business Day, shall include the first next Business Day.

5. **Courts of Competent Jurisdiction.** If the Bankruptcy Court abstain from exercising, or decline to exercise jurisdiction, or are otherwise without jurisdiction over any matter arising out of the Plan, such abstention or refusal shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matters.

6. **Successors and Assigns.** The rights, duties, and obligations of any person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of the successors and assigns of such Person.

7. **Notices.** Except as otherwise herein provided, all notices required to be made in or under the Plan shall be in writing, and shall be mailed by United States mail:

    a)     If to Debtor, then:

        (i)     to Debtor's Registered Agent;

        (ii)     with a copy to

    Patrick R. Turner
    Turner Legal Group, LLC
    139 S. 144th Street, #665
    Omaha, NE 68010

    b)     If to a Creditor, or holder of an Equity Interest, at the address set forth in Debtor's Schedules or on such Creditor's Proof of Claim.

Any person may change the address at which he is to receive notices for the purpose of this Plan by sending written notice pursuant to this provision to the Person to be charged with knowledge of such change.

IN THE MATTER OF
In re Village Ridge, LLC
Case No. BK 22-80863
Ch. 11 Plan

Respectfully submitted.

                              **Dimensions In Senior Living, LLC, et al., Debtors.**

By:    /s/ *Patrick R. Turner*
          TURNER LEGAL GROUP, LLC
          Patrick Turner (NE Bar No. 23461)
          139 S. 144th Street, Suite 665
          Omaha, Nebraska 68010
          Telephone: (402) 690-3675
          pturner@turnerlegalomaha.com